AKRON METROPOLITAN HOUSING AUTHORITY, APPELLEE, *v.* MYERS ET AL., APPELLANTS.

(No. 12214 — Decided February 19, 1986.)

*Robert Pritt* and *Wayne Calabrese,* for appellee.

*Janice Gui,* for appellants.

BAIRD, J. This cause came on before the court upon an appeal by Debra Myers and other occupants (hereinafter "defendant" or "appellant") from the judgment of the trial court granting the plaintiff's request for a writ of restitution of the premises. We affirm.

The facts of the instant matter are not in dispute. Defendant is a tenant of a public housing project owned and managed by the plaintiff, Akron Metropolitan Housing Authority ("AMHA"). Defendant Myers' rent was due on or before the eighth day of each calendar month. Provision was made whereby the rent could be paid through First National Bank of Akron or directly through the AMHA office. In April 1985, defendant Myers failed to timely make her rent payment by the eighth day of the month. A delinquency notice was mailed to Myers on April 16, 1985, directing her that she must either request an extension agreement or pay her rent in full by April 22, 1985. The notice specifically stated that failure to exercise one of these two options would result in termination of the lease and the institution of eviction proceedings. Myers paid her rent, through First National Bank, on April 24, 1985.

On April 26, 1985, AMHA served Myers with a notice of termination of lease. This document notified Myers that her lease was to be terminated fourteen days after receipt of the notice, May 10, 1985, due to non-payment of rent. The document further notified Myers of her right to respond to the notice of termination and her right to request a hearing.

Myers requested and received an administrative hearing at which it was determined that AMHA had properly terminated Myers' lease. Thereafter, AMHA filed an eviction action in Akron Municipal Court. The referee who heard the case found in favor of AMHA; the court adopted and approved the referee's report and ordered that a writ of restitution be issued. From this judgment, Myers appeals, assigning as error:

"I. The trial court erred when it granted a writ of restitution to the Akron Metropolitan Housing Authority [AMHA] because AMHA may not evict a tenant unless it has fully complied with federal notice requirements, and it failed to do so in this case.

"II. The trial court erred in granting a writ of restitution to AMHA because a residential lease clause that purports to avoid a landlord's waiver of a breach where the landlord's agent has accepted a late payment for rent accruing in the future is unenforceable for the following reasons:

"(1) The clause does not provide for, and the law will not imply, forfeiture or non-waiver in the case where the landlord retains future rent.

"(2) Such a clause, which seeks to limit a landlord's liability arising under law for the acts of its agent, is barred by state statute and federal regulations and is therefore void and unenforceable.

"(3) The non-waiver clause, which was not bargained for and is unduly harsh in effect, is unconscionable and should not be enforced as a matter of state law."

AMHA fully complied with the applicable federal notice requirements. The essence of appellant's first assignment of error is that the notice of termination of lease served upon her by AMHA did not comply with Sections 966.4(l)(1) and (2), 24 C.F.R. which require that written notice of termination of lease be given: (i) fourteen days in the case of failure to pay rent; (ii) a reasonable time commensurate with the exigencies of the situation in the case of creation or maintenance of a threat to the health or safety of other tenants or housing employees; and (iii) thirty days in all other cases.

In the case at bar, AMHA considered the termination one for failure to pay rent and thus gave the appellant fourteen days' notice of its intention to terminate her lease. Appellant contends that, because she paid her rent late, the termination of her lease was for late payment of rent rather than for non-payment of rent, thereby entitling her to

thirty days' notice of intent to terminate her lease.

The notice provided to appellant stipulated that her rent was to be paid by April 22 or the lease would be terminated; when April 22 came and the appellant had not paid her rent, AMHA's right to proceed with the termination of appellant's lease for non-payment of rent became fixed. Appellant's later payment of her rent did not cure the breach of her lease, which was essentially a failure to make her rent payment by the stipulated date. Thus, AMHA was correct in classifying the termination as one for non-payment of rent.

Retention of the rent payment by AMHA, under the circumstances of this case, did not change the nature of the termination or preclude the termination of the lease.

The purpose of the notice provision is to inform tenants of their right to have a hearing and contest the action about to be taken by the housing authority. Until an administrative body makes its determination as to the propriety of the action taken by AMHA in proceeding with termination of the lease, the tenant is entitled to remain in the residence. Therefore, the tenant is not paying rent for a period of time during which she is not entitled to housing. In the instant matter, the appellant paid her rent only seven days before the next rental period began. Because of the fourteen-day notice provision, appellant's lease could not be terminated during the month for which she had paid her rent. Therefore, under the facts of this case, retention of the rental payment by AMHA did not estop it from pursuing the termination of the lease.

The fourteen-day notice adequately protected the appellant's due process right to a hearing prior to termination of the lease. Balanced against the appellant's right to contest the action taken by the housing authority is the responsibility of the housing authority, as set forth in the Code of Federal Regulations,[1] to create procedures for the orderly and efficient collection of rents. This responsibility would be thwarted by an analysis which created a distinction between non-payment of rent and late payment of rent for notice purposes. Either the housing authority would be precluded from accepting late payments of rent, thus creating a situation where delinquent tenants could live rent free during the notice and hearing stages, or tenants could manipulate and stymie the system by late payments or partial payments of rent.

For the policy reasons stated above, we find the fourteen-day notice provision to be applicable and reject appellant's assignment of error one.

Appellant's second assignment of error is also not well-taken. For the reasons as set forth hereinbefore, the landlord did not accept "future rent." The cases cited by the appellant are not applicable to this matter because they deal with non-governmentally regulated evictions. In the absence of the strictures provided by the governmental regulations applicable to the public landlord in this case, a private landlord may treat the non-payment of rent as an event which itself terminates the lease and entitles the landlord to forfeiture. Thus, acceptance of rent for any period beyond that time is inconsistent with that election and will amount to·a waiver. *Southern Heights Apartments* v. *Davis* (Apr. 17, 1985), Lorain App. No. 3737, unreported. Here, however, the governmental regulations require that the termination cannot take place until after the notice period and the opportunity to be heard. Thus, the acceptance of rent is not inconsistent with the termination, because the termination has not yet taken place; it constitutes no waiver. In the private sector, it would be manifestly unfair to allow the landlord

---

[1] Sections 966.4(b) and (c), 24 C.F.R.

to retain monies for future rental periods and still proceed to evict the tenant before the period paid for had ended. However, under the applicable regulations governing the termination of leases by AMHA, the tenant cannot be evicted until after the notice period and a hearing and the delivery of the written decision of the hearing officer (followed by receipt of a notice to vacate), after which AMHA must follow the statutory procedures for eviction under state law. Because of the delays built into the procedure, it is almost inevitable that the rental period paid for will have expired before the tenant is forced to vacate even if the late payment is tendered on the ninth day of the month rather than the twenty-fourth. Under the circumstances, the non-waiver clause is understandable and not unconscionable.

Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

GEORGE, P.J., and QUILLIN, J., concur.