LORAIN METROPOLITAN HOUSING
AUTHORITY *v.* LAWSON ET AL.

(No. 87 CVG 628—Decided
July 24, 1987.)

Elyria Municipal Court.

*Caryn G. Pass,* for plaintiff.
*Barbara Ramage,* for defendants.

FERGUSON, J. This cause came on to be heard upon defendant's objections to the referee's report and extensive briefs of both parties.

The facts are in substantial agreement. On April 1, 1986, defendant changed rental units and was charged $130.61 on her July 1986 rent statement for damage to the previous unit. On October 21, 1986, an informal conference was held and the charges were reduced $42.90 to $87.71 which defendant agreed to pay.

On November 10, 1986, plaintiff sent defendant a written decision regarding the October 21, 1986 informal hearing and a notice of termination of lease. Said notice gave three reasons for termination: 1. non-payment of rent; 2. non-payment of account; and 3. unlawful use of property. Defendant requested an informal hearing.

On December 12, 1986, an informal hearing was had. It was agreed that $279.86 was owed. Defendant tendered $280 which plaintiff refused.

Written disposition, dated January 13, 1987, of the December 12, 1986 informal hearing was sent to defendant and was received January 15, 1987.

On January 15, 1987, plaintiff served defendant with a notice to leave premises. On January 16, 1987, defendant requested a formal grievance hearing. On February 25, 1987, an eviction lawsuit was filed. On April 14, 1987, the referee heard the case and made his recommendation for eviction to which defendant filed timely objections.

Chapter 966, Title 24, C.F.R., entitled "Lease and Grievance Procedures," sets forth the procedure that a public housing authority ("PHA"), such as Lorain Metropolitan Housing Authority (plaintiff herein) must follow in order to legally terminate a lease. The lease must set forth these procedures.

The PHA shall not terminate or refuse to renew the lease other than for serious or repeated violation of material terms. Section 966.4(l)(1). The PHA shall give written notice: 1. fourteen days in advance for non-payment of rent; 2. reasonable notice for health or safety reasons; 3. thirty days in all other cases. Section 966.4(l)(2). The notice shall state the reasons for termination, and inform the tenant of his right to reply and of his right to request a hearing. Section 966.4(l)(3).

The grievance procedure consists of: 1. an informal conference (to settle the grievance without a hearing); 2. a written summary of discussion, to be furnished to the tenant within a rea-

sonable time; 3. a formal hearing before a hearing officer or hearing panel; and 4. a written decision within a reasonable time. Sections 966.54 through 966.57.

The PHA shall not commence an eviction in court until it has served upon the tenant a notice to vacate and in no event shall the notice to vacate be issued prior to the decision of the hearing officer or hearing panel having been mailed or delivered to the complainant (tenant). Section 966.58.

Applying the mandatory procedures in the Code of Federal Regulations to the case at bar, the court concludes that defendant had a grievance over alleged damage to her former rental unit which was settled at the informal conference on October 21, 1986. This grievance was concluded except for payment by defendant to plaintiff of the agreed amount owed.

A new grievance originated November 10, 1986, when plaintiff sent defendant a three-pronged notice of termination for non-payment of rent, non-payment of account and unlawful use of property. Defendant requested an informal hearing held December 12, 1986. The purpose of the informal hearing, as stated in Section 966.54, is "so that the grievance may be discussed informally and settled without a hearing." When the parties agreed at the informal hearing that $279.86 was owed and $280 was tendered, it would seem to be in accordance with the intent and spirit of the federal regulations that the full payment tendered should have been accepted. The eviction hearing before the court proceeded on non-payment of rent and non-payment of account. Had the tender been accepted, the grievance would have been settled as to the two issues before the court. As an aside, the Ninth District Court of Appeals for Summit County held in *Akron Metro. Housing Auth.* v. *Myers*

(1986), 30 Ohio App. 3d 100, 30 OBR 199, 506 N.E. 2d 933, that federally subsidized housing is excluded from the estoppel principle that acceptance of prospective rent by the landlord waives the right to proceed in eviction. If plaintiff can accept prospective rent, surely plaintiff can accept back rent and still proceed with the eviction. Hence, there was no valid reason for plaintiff to refuse the tender.

After the informal hearing on December 12, 1986, plaintiff was required to send defendant a written summary of the discussion and "specify the procedures by which a hearing under Section 966.55 may be obtained if the complainant [defendant] is not satisfied." Section 966.54. Said summary does not contain the procedure to follow to obtain a hearing. Hence the summary is defective. Said summary was mailed January 13, 1987, and received January 15, 1987.

Notwithstanding the aforesaid omission in the summary, defendant did request a formal grievance hearing on January 16, 1987. The formal grievance hearing, mandated by Sections 966.55 through 966.57, Title 24, C.F.R., was never held, a written decision was never given defendant, and a notice to vacate was never served on defendant *after* the written decision was mailed or delivered to defendant (Section 966.58), all as required by federal regulations. Therefore, plaintiff's eviction action fails on a procedural basis.

Turning to the merits of the case, defendant tendered all money due plaintiff to plaintiff at the informal conference on December 12, 1986. If accepted, this would have resolved non-payment of rent and non-payment of account.

The third reason for eviction was unlawful use of property consisting of defendant's husband selling marijuana. However, at the time of these

proceedings defendant's husband was incarcerated, defendant subsequently obtained a divorce and he will not be returning to the property. Hence, a question of fact arises as to whether this is a "serious or repeated violation of material terms of the lease" within the meaning of Section 966.4(l)(1). Since plaintiff elected not to proceed on this third reason for eviction, it is not necessary to resolve this issue.

The court having found that plaintiff did not comply with the procedural requirements in Chapter 966, Title 24, C.F.R., it is not necessary to determine if plaintiff complied with the procedural requirements in paragraph 23 of the written lease.

Based on the foregoing, the court rejects the report of the referee pursuant to Civ. R. 53. Since the facts are undisputed and the case presents only questions of law, it is hereby ordered, adjudged and decreed that judgment be entered in favor of defendant on the first claim in plaintiff's complaint. It is further ordered that judgment be rendered in favor of plaintiff and against defendant in the sum of $279.86 on the second claim in plaintiff's complaint and that out of the $284 bond money deposited by defendant with the court, the sum of $279.86 be disbursed to plaintiff in full payment of said judgment and the balance refunded to defendant. The clerk shall not make any disbursement for thirty days to allow either party time to appeal.

The court is aware that any ruling on the second claim may be premature since neither party has had a hearing thereon. However, since the parties in their briefs are in agreement as to the amount due plaintiff from defendant, the court will dispose of the second claim at this time with the understanding that upon motion of either party the court will set aside its ruling on the second claim and set the matter for hearing.

*Judgment for plaintiff.*